IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ERICA MANDRELL | ) |
| | ) Case No. 3:22-cv-00515 |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |
| | ) |

To: Honorable Waverly D. Crenshaw, Jr., United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is a motion filed by Plaintiff's counsel Melanie Williams for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), by which Ms. Williams requests an award of $13,998.00. (Docket No. 26.) Defendant Social Security Administration ("SSA") responded to state that it had no objection to the request. (Docket No. 29.) The motion was referred to the undersigned for preparation of a report and recommendation. (Docket No. 27.) For the reasons detailed below, the undersigned respectfully recommends that the motion (Docket No. 26) be **GRANTED**.

### I. BACKGROUND

This action is a Social Security case that was brought by Plaintiff under 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the SSA denying her disability insurance benefits. Plaintiff filed a motion for judgment on the administrative record on November 8, 2022 (Docket No. 16) and the SSA responded by moving to reverse and remand the case to the Commissioner for further action on December 6, 2022 (Docket No. 19). The SSA moved to remand on the basis that the Administrative Law Judge ("ALJ") who issued the underlying administrative opinion failed to "adequately explain the persuasiveness findings" as contemplated by 20 C.F.R. §§ 404.1520c and 416.920c. (Docket No. 20 at 1.)

On December 22, 2022, the Court entered a Report and Recommendation ("R&R") recommending that the Court grant the SSA's motion to remand and deny Plaintiff's motion for judgment on the record as moot. (Docket No. 21.) The Court recommended this outcome because Plaintiff failed to indicate whether she opposed the motion to remand and failed to file a response in opposition to the motion to remand. (*Id.* at 1–2.) On April 13, 2023, the District Judge adopted and approved the R&R and remanded the case for further proceedings. (Docket No. 22.)

On April 24, 2023, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), which was unopposed by the SSA. (Docket No. 24.) On September 15, 2023, the Court granted the motion and awarded Plaintiff $7,500.00 in fees. (Docket No. 25.)

Now, Plaintiff's counsel, Melanie Williams, asks the Court to award her attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,998.00. (Docket No. 26.) In support of her motion, Ms. Williams filed Plaintiff's notice of award (Docket No. 26-1); a signed fee agreement between her and Plaintiff (Docket No. 26-2); this Court's order awarding fees under the EAJA (Docket No. 26-3); a time sheet detailing the hours spent on this matter (Docket No. 26-4); and her affidavit (Docket No. 26-5). The SSA responded to state that it did not oppose the motion, but it did ask that the Court "direct that Plaintiff's counsel reimburse Plaintiff any fees she previously received under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412." (Docket No. 29.)

## II. LEGAL STANDARD

There are three statutory provisions that address payment of fees to attorneys who represent claimants in social security appeals. The first provision is the EAJA, which authorizes district courts to require the United States to pay an award of attorney's fees to a "prevailing party" in a civil action against the United States or one of its agencies, such as the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). The second provision is found in 42 U.S.C. § 406(a), which covers work performed by the claimant's representative at the administrative level.

2

The third provision, which is applicable here, is found in 42 U.S.C. § 406(b). It allows a claimant's representative to recover attorney's fees of up to 25 percent of past-due benefits for work performed in federal court as part of a social security appeal. An award under § 406(b) is only available to counsel when a claimant receives a favorable decision from an ALJ following remand from federal court. *Id.* § 406(b)(1)(A). Because the award reduces the amount of past-due benefits recovered by the claimant, it must generally be memorialized by a fee agreement, usually one of a contingency nature, between the claimant and the attorney. *Tibbetts v. Comm'r of Soc. Sec.*, No. 1:12-cv-894, 2015 WL 1637414, at *2 (S.D. Ohio Apr. 13, 2015). Moreover, counsel may apply for fees under both the EAJA and § 406(b), but must refund to the claimant whichever of the two amounts is smaller. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

This Court is required to examine the "reasonableness" of the fee requested under § 406(b) even if the fee is not opposed by the SSA. *Id.* at 807. This is especially important since the SSA does not have a "direct financial stake" in the disbursement of any funds under § 406(b), but instead plays a trustee-like role in the process. *Id.* at 798, n.6. Any contingency fee agreement existing between the requesting attorney and the claimant that calls for the attorney to receive 25 percent of a claimant's past-due benefits award is "given the weight ordinarily accorded a rebuttable presumption." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990).

However, it remains this Court's role to review any such fee arrangement "as an independent check[ ] to assure that [it] yields reasonable results," *Gisbrecht*, 535 U.S. at 807, which can result in reduction of the award based on "improper conduct or ineffectiveness of counsel" or in situations where the attorney would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Other factors in considering the reasonableness of a fee agreement under this section include the effective hourly rate, timeliness of the motion requesting attorney's fees, the SSA's opposition or lack thereof, and the "brevity" or "relative simplicity" of the

3

representation provided by counsel. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014).

### III. ANALYSIS

The primary issue before the Court then is whether Ms. Williams's requested fee of $13,998.00 is reasonable under § 406(b)(1)(A). In determining reasonableness, the starting point is the contingency fee agreement between claimant and counsel. *See Gisbrecht*, 535 U.S. at 807. Plaintiff executed a contingency agreement and agreed to the following term:

> If the Social Security Administration does not favorably decide the claim at any stage through the first hearing level and further work is undertaken such as an appeal to the Appeal Council or an additional hearing before an administrative law judge or an appeal to a Federal Court said attorney will have the option and right to file a fee petition seeking a greater fee than $6,000.00 but not more than twenty-five percent of the past due benefits.

(Docket No. 26-2 at 1.) The total amount of Plaintiff's back-pay award was $85,992.00. (Docket No. 26-1 at 4.) This would mean that Ms. Williams could be entitled to a maximum of $21,498.00 in fees.

The Court should consider the "floor" set by the Sixth Circuit to determine whether a fee request is reasonable: "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. Here, Ms. Williams requests a fee of $13,998.00, which is less than 25 percent of Plaintiff's back-pay award. Ms. Williams worked 42.6 hours and is therefore seeking an award at a rate of $328.59 per hour. This Court has previously taken judicial notice that the "standard rate for experienced Social Security attorneys in Middle Tennessee between 2016 and 2018 . . . was no more than $225." *Kaye v. Saul*, No. 3:16-CV-002878, 2020 WL 3964205, at *3 (M.D. Tenn. July 10, 2020). However, Ms. Williams actively represented Plaintiff from the middle of July 2022 to the middle of July 2023, so the Court finds that an hourly rate higher than the standard rate between 2016 and 2018 is appropriate. Further, Ms. Williams states in her affidavit that she bills at a non-contingent rate of $350 per hour and that she believes

4

a "fair market value" for the services she performed here is more than $250 per hour based on other approved fees in Social Security matters. (Docket No. 26-5 at ¶¶ 7–8.) Based on this information, the requested rate of $328.59 is lower than $350 per hour and reasonably within a range in excess of $250, if those can be considered standard rates. *See also Bailey v. Soc. Sec. Admin.*, No. 3:13-1318, 2016 WL 1378625, at *3 (M.D. Tenn. Apr. 7, 2016), *report and recommendation adopted*, No. 3-13-1318, 2016 WL 1660395 (M.D. Tenn. Apr. 27, 2016) ("$350 per hour is an appropriate standard rate for purposes of determining whether the fee requested here would represent an unreasonable windfall."). Therefore, the requested rate of $328.59 per hour is presumptively reasonable. *See Hayes*, 923 F.2d at 422.

In determining reasonableness, the Court must also consider if Ms. Williams "engaged in improper conduct or was ineffective" or if she would "enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Id.* at 419. With respect to the first consideration, there is no suggestion that Ms. Williams engaged in improper conduct or was ineffective. On the contrary, Ms. Simpson secured a favorable result for Plaintiff. With respect to the second consideration, the Court concludes that the requested fee would not result in an undeserved windfall to Ms. Williams because she reduced the amount of her requested fee award under § 406(b) – i.e., she did not seek the maximum 25%. Accordingly, the Court finds that Ms. Williams's reduced request for awards under § 406(b) of $13,998.00 is reasonable.

In its response, the SSA asks the Court to specify in its order that (1) any amount the Court authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy, and (2) Plaintiff's counsel must reimburse Plaintiff any fees she previously received under the EAJA. (Docket No. 29 at 2–3.) The Court finds that both requests are reasonable. *See, e.g.*, *Gisbrecht*, 535 U.S. at 796.

5

## IV. RECOMMENDATION

For the above stated reasons, it is respectfully **RECOMMENDED** that:

1. Plaintiff's motion for attorney's fees (Docket No. 26) be **GRANTED**.

2. Plaintiff's counsel, Melanie Williams, be **AWARDED** $13,998.00 from Plaintiff's back-pay award.

3. The SSA be **ORDERED** to release $13,998.00 of the amount withheld from Plaintiff's past-due benefits to Plaintiff's counsel, Melanie Williams, in accordance with agency policy.

4. Plaintiff's counsel, Melanie Williams, be **ORDERED** to pay the lesser EAJA sum of $7,500.00 to Plaintiff.

5. The SSA be **ORDERED** to release any remaining portion of the withheld funds from Plaintiff's past-due benefits award to Plaintiff.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge